# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STEVEN G. KNICKERBOCKER, <br><br> Plaintiff, <br><br> v. <br><br> DANA J. JOHNSON, CHUCK STERTZ, WILLIAM ATKINSON, VINCENT R. BISKUPIC, ALEXANDER BONIS, LEONARD KACHINSKI, SCOTT WALKER, TOMMY THOMPSON, and WILLIAM GRIESBACH, <br><br> Defendants. | Case No. 24-CV-1612-JPS <br><br> **ORDER** |

  Plaintiff Steven G. Knickerbocker ("Plaintiff"), proceeding pro se, sues two assistant district attorneys, Dana J. Johnson and Chuck Stertz; two state court judges, William Atkinson and Vincent R. Biskupic; Parole Officer Alexander Bonis; Attorney Leonard Kachinsky; two former Wisconsin governors, Tommy Thompson and Scott Walker; and a federal district judge, William Griesbach ("Judge Griesbach"). ECF No. 1. Plaintiff also moves the Court for leave to proceed without prepayment of the filing fee. ECF No. 2. For the reasons stated herein, the Court will dismiss Plaintiff's action with prejudice, deny his motion as moot, and impose a five-year filing ban on him.

  Plaintiff's claims in this case are barred by res judicata. "Claim preclusion, also known as *res judicata*, applies 'when there is (1) a prior suit that ended in a final judgment on the merits by a court of competent jurisdiction; (2) an identity of the causes of action in the two suits; and (3) an

identity between the parties or their privies in the two suits." *Dewey v. Bechthold*, 384 F. Supp. 3d 971, 977 (E.D. Wis. 2019) (quoting *Veit v. Frater*, 715 F. App'x 524, 527 (7th Cir. 2017) and citing *Jensen v. Milwaukee Mut. Ins. Co.*, 554 N.W.2d 232, 233–34 (Wis. Ct. App. 1996)); *see also Cannon v. Armstrong Containers, Inc.*, 92 F.4th 688, 705–06 (7th Cir. 2024) (Res judicata "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)) (internal quotation marks omitted)).

Not even one month before bringing this case, in late November 2024, Plaintiff filed a complaint with the same underlying allegations in the Eastern District of Wisconsin, which was assigned to Judge Griesbach. *Knickerbocker v. Johnson et al.*, No. 24-CV-1525, ECF No. 1 (E.D. Wis. 2024) (the "November Case"). Judge Griesbach dismissed the November Case with prejudice. November Case, ECF No. 4.

All three factors for res judicata are present here. First, there was a final judgment on the merits in the November case. It turns out, Plaintiff filed *yet another* case with the same underlying facts in September 2024. *See Knickerbocker v. State of Wisconsin et al.*, No. 24-CV-1189, ECF No. 1 (E.D. Wis. 2024) (the "September Case). The September Case was dismissed for failure to state a claim upon which relief may be granted. *See id.*, ECF Nos. 4 and 6. Accordingly, Judge Griesbach dismissed the November Case as barred under res judicata. *See* November Case, ECF No. 4. "A dismissal under Rule 12(b)(6) is an adjudication on the merits." *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 472 (7th Cir. 2020) (citing *Davis v. Lambert*, 388 F.3d 1052, 1058 (7th Cir. 2004)); *see also Coleman v. Lab. & Indust. Rev. Comm'n of Wis.*, 860 F.3d 461, 470 (7th Cir. 2017) ("[A] dismissal at the

screening stage for failure to state a claim . . . is a decision on the merits of the complaint.").

Next, there is an "identity of the parties," *Dewey*, 384 F. Supp. 3d at 977: Plaintiff sued the exact same defendants in the November Case as here, with this case naming one additional defendant (Judge Griesbach, the allegations against whom are discussed below). *Compare* ECF No. 1 at 1–2 *with* November Case, ECF No. 1 at 1–2.

Finally, the allegations are remarkably similar between this case and the November Case; there appears to be "an identity of the causes of action," *Dewey*, 384 F. Supp. 3d at 977. *Compare* ECF No. 1 at 3–4 (claiming that Dana Johnson "tampered with evidence," "maliciously p[ro]secute[d]" Plaintiff, and used police to have Plaintiff arrested for crimes he did not commit) *with* November Case, ECF No. 1 at 3 (alleging that Dana Johnson acted "out of personal revenge" and "lied to give [Plaintiff] charges here in Wisconsin," including lying under oath and having police officers lie under oath regarding Plaintiff); *compare* ECF No. 1 at 4–5 (suggesting that Chuck Stertz took part in getting a county deputy, Mark Heenen, to "lie under oath" to cover up an illegal search and seizure) *with* November Case, ECF No. 1 at 3 ("Chuck Stertz . . . [got] Mark Heenen to lie under oath . . . ."); *compare* ECF No. 1 at 5 (alleging that Tommy Thompson wrote "admin[istrative] code . . . 5.1 & 5.2" which allegedly requires that a public defender work "in an adversary condition toward indigent clients") *with* November Case, ECF No. 1 at 5 ("I had to research Wisconsin Admin[istrative] code 5.01 & 5.02 that Tommy Thompson wrote which clearly states that a [state public defender] . . . must work in an adversary condition."); *compare* ECF No. 1 at 6 ("William Atkinson denied [Plaintiff] a fair trial . . . .") *with* November Case, ECF No. 1 at 4 ("William Atkinson

denied several rights, even [b]locked witnesses and refused a fair trial . . . ."); *compare* ECF No. 1 at 6 (alleging that Vincent Biskupic would not allow Plaintiff to use a criminal complaint during trial) *with* November Case, ECF No. 1 at 3–4, 6 (same); *compare* ECF No. 1 at 7 (alleging that Alexander Bonis "lied to get a warrant for [Plaintiff's] arrest") *with* November Case, ECF No. 1 at 5 ("Alexander Bonis lied to the court to obtain a warrant"); *compare* ECF No. 1 at 7 (alleging that Leonard Kachinski worked with Vincent Biskupic to cover up a material fact related to Plaintiff's criminal prosecution) *with* November Case, ECF No. 1 at 2 (same); *compare* ECF No. 1 at 6 (alleging that "Scott Walker made it so [that] only [one] person can say they [saw] you [commit] a crime, then" you can be "locked up") *with* November Case, ECF No. 1 at 8 ("[Y]ou only need one person to lie and say you [committed] a crime, and [then] they can [l]ock you up . . . ."). Plaintiff's allegations here are nearly identical to his complaint in the November Case, which was dismissed with prejudice. *See* November Case, ECF No. 4.

If a previous case was dismissed with prejudice for failure to state a claim, including at the screening stage, "[n]ot only will the plaintiff be precluded from filing the *same* complaint again; principles of *res judicata* will prevent [him] from filing another complaint that arises from the same underlying circumstances." *Coleman*, 860 F.3d at 470. That is precisely what Plaintiff attempts to do here. Accordingly, Plaintiff's claims against all the defendants in this case, except Judge Griesbach, are barred by res judicata, and the Court is constrained to dismiss Plaintiff's claims with prejudice.

As for Plaintiff's claims against Judge Griesbach, the Court notes that his allegations closely mirror language he included in a motion for disqualification in the November Case. *Compare* ECF No. 1 at 8 (alleging

that Judge Griesbach is friends with the defendants, was involved in concealing facts, and that is "delusional") *with* November Case, ECF No. 8 at 1 (alleging that Judge Griesbach "has shown favor[i]tism towards his friends in County Circuit Court," "is mentally incapable of hearing" Plaintiff's case, and had a role in concealing a material fact). The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). The Court finds that the complaint in this case fails to state a claim against Judge Griesbach, as it contains no more than "legal conclusions . . . supported by mere conclusory statements," which the Court need not accept as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff's complaint contains no facts specific to Judge Griesbach that lend any credibility to his bare allegations, thus the Court finds that he has not met the plausibility standard required. Additionally, Plaintiff's inclusion of Judge Griesbach as a defendant in this case seems a blatant attempt to judge-shop. This is supported by the conclusory nature of the allegations against Judge Griesbach; their similarity to Plaintiff's repeated allegations against the other defendants in this, the September Case, and the November Case; and the fact that Plaintiff filed a motion to disqualify Judge Griesbach in the November Case. November Case, ECF No. 8. Accordingly, the Court will dismiss Plaintiff's claims against Judge Griesbach with prejudice.

Plaintiff also moves the Court for leave to proceed without prepayment of the filing fee. ECF No. 2. Because the Court is dismissing this case, it will deny Plaintiff's motion as moot.

Plaintiff is a frequent filer in this district and has filed five cases within the last year.[1] Specifically, Plaintiff has filed the following cases:

| Date Filed | Case Number | Disposition |
|---|---|---|
| 5/28/2024 | 24-CV-652 | Closed; dismissed without prejudice for failure to pay partial filing fee as ordered |
| 7/9/2024 | 24-CV-854 | Closed; voluntarily dismissed |
| 9/18/2024 | 24-CV-1189 | Closed; dismissed with prejudice for failure to state a claim |
| 11/25/2024 | 24-CV-1525 | Closed; dismissed with prejudice on res judicata grounds |
| 12/13/2024 | 24-CV-1612 | Pre-screening |

"[T]he right of access to federal courts is not absolute." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). Individuals are "only entitled to meaningful access to the courts." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). A federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The All Writs Act, 28

---

[1] Plaintiff has filed nine cases in the Eastern District of Wisconsin since 2017.

U.S.C. § 1651(a), gives district courts the "inherent power to enter pre-filing orders against vexatious litigants." *Orlando Residence Ltd. v. GP Credit Co., LLC*, 609 F. Supp. 2d 813, 816–17 (E.D. Wis. 2009) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). "A filing restriction must, however, be narrowly tailored to the type of abuse, . . . and must not bar the courthouse door absolutely." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 Fed. App'x 500, 502 (7th Cir. 2009) (collecting cases). "Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices," but have "rejected as overbroad filing bars in perpetuity." *Id.* (collecting cases).

Under the circumstances presented by Plaintiff having filed five cases within seven months—including at least three premised on the same set of facts, the Court finds it appropriate to impose a filing bar. Plaintiff will be barred from filing any paper in any case in this District, including new lawsuits related to a different set of facts than those set forth in this Order, for a period of five (5) years from the date of this Order. *See Support Sys. Intern., Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (citing *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994). This shall include motions for reconsideration, but it will not include notices of appeal or papers related to exigent circumstances or in "any criminal case in which [Plaintiff] is a defendant or any application for habeas corpus that he may wish to file." *Id.*; *see also Mucha v. Wisconsin*, No. 12-CV-00202-LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (motions for reconsideration fall within *Mack* bar) (citing *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999) (imposing *Mack* bar)). The Clerk of Court will be directed to return unfiled any such papers until the expiration of five (5) years from the date of this Order.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff Steven G. Knickerbocker's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff Steven G. Knickerbocker shall be **BARRED** from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers related to exigent circumstances or in any criminal case in which he is a defendant or any application for habeas corpus, for a period of five (5) years from the date of this Order; consistent with the terms of this Order, the Clerk of Court shall **RETURN UNFILED** any such papers, received from, or on behalf of, Steven G. Knickerbocker, together with a copy of this Order.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of December, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.